UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY TROTTER,

    Plaintiff,                                                     Case Number 2:15-cv-10707
v.                                                                     Honorable George Caram Steeh

OCTAVIA JAMES,

    Defendant.
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Gregory Trotter, a state inmate incarcerated at the Robert Scott Correctional Facility, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

**I. BACKGROUND**

Plaintiff is incarcerated as a result of a 2011 Wayne Circuit Court conviction of armed robbery, first-degree criminal sexual conduct, second-degree criminal sexual conduct, and kidnapping. Plaintiff claims that Defendant, a private citizen, falsely accused him of rape in a case unrelated to his current custodial sentence. The complaint alleges that new DNA evidence–obtained during the appeal of his current conviction–shows that he is innocent of the prior charge. He alleges that the Defendant's false allegation resulted in his arrest and was used to support the charges for which he stands convicted. The complaint seeks $20,000 in compensatory damages and another

$20,000 in punitive damages.

## II. STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## III. DISCUSSION

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1983. A plaintiff suing under § 1983 must establish that he was denied a constitutional right, and that the deprivation was caused

by a defendant acting under color of state law. *Jones v. Duncan*, 840 F.2d 359, 361–62 (6th Cir.1988). Private individuals may be considered state actors only if they exercise power "possessed by virtue of state law" and if they are "clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). The question turns on whether the private individual's actions can be fairly attributed to the state. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

Here, the named defendant is a private citizen who allegedly made a maliciously false criminal complaint. Private parties who report criminal activity to law enforcement officials exercising independent judgment cannot be held liable under § 1983. *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). That is, Plaintiff cannot maintain an action under § 1983 against James because she is not a "state actor" and did not act "under color of law." See *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir.2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999))). This is so regardless of how insistent a private complainant to the police may be. *Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, 1115 (10th Cir.1987).

Accordingly, the case is subject to summary dismissal under §1915(e) because it has no arguable basis in law or fact.

### IV.  CONCLUSION

IT IS ORDERED that the Plaintiff's Complaint is DISMISSED.

Dated:  May 7, 2015

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Gregory Trotter, 190039, Robt Scott Facility, 47500 Five Mile Road, Plymouth, MI 48170 on
May 7, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk